UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY BARNES,

    Petitioner,   Civil No. 2:09-CV-12512
                      HONORABLE GERALD E. ROSEN
v.                         CHIEF UNITED STATES DISTRICT JUDGE

CAROL HOWES,

    Respondent,
_____/

**ORDER RE-ASSIGNING PETITION FOR WRIT OF HABEAS CORPUS AS A COMPANION CASE TO CASE # 2:07-10782, RE-INSTATING CASE # 2:07-CV-10782, AMENDING CAPTION IN THAT CASE, DIRECTING THE CLERK OF THE COURT TO RE-FILE THE PLEADINGS IN CASE # 2:09-CV-12512 UNDER CASE DOCKET # 2:07-10782, AND DISMISSING THE CURRENT PETITION AS DUPLICATIVE**

Tracy Barnes, ("Petitioner"), presently confined at the Lakeland Correctional Facility in Coldwater, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for first-degree murder, M.C.L.A. 750.316; felon in possession of a firearm, M.C.L.A. 750.224f; and possession of a firearm in the commission of a felony, M.C.L.A. 750.227b.

Petitioner previously filed a petition for writ of habeas corpus before this Court, which challenged the same conviction and sentence. On September 5, 2007, this Court granted petitioner's motion to stay the habeas proceedings and hold the petition in abeyance while petitioner returned to the state courts to exhaust additional claims. The Court also directed petitioner to use the same caption and case number when he returned to the federal courts after exhausting his claims. *See also Barnes v. Lafler,* No. 2007 WL 2646583 (E.D. Mich. September 5, 2007).

1

Petitioner has now filed the instant petition, in which he again seeks habeas relief from the convictions that he challenged in his prior petition before this Court. Petitioner, in fact, has attached a copy of this Court's opinion staying the proceedings in his previous case as an exhibit to this petition.

For the reasons stated below, the Court will order that petitioner's application for writ of habeas corpus be re-assigned as a companion case to petitioner's previously filed habeas petition in Case # 2:07-CV-10782. The Court will dismiss the current petition as duplicative of that petition. The Court will further order that Case # 2:07-CV-10782 be reactivated to the Court's active docket. The Court will also amend the caption in that case to reflect the name of petitioner's current warden, Carol Howes. The Court will further order that the pleadings filed in Case # 2:09-CV-12512 be re-filed by the Clerk of the Court under Case Docket # 2:07-CV-10782.

Eastern District of Michigan Local Rule 83.11 governs the re-assignment of companion cases, stating that "[c]ompanion cases are those in which it appears that: (I) substantially similar evidence will be offered at trial, or (ii) the same or related parties are present, and the cases arise out of the same transaction or occurrence." U.S. Dist.Ct. Rules, E.D. Mich. LR 83.11(b)(7). *See also Sims-Eiland v. Detroit Bd. of Educ.,* 184 F.R.D. 268, 269, n. 1 (E.D. Mich. 1999). Additionally, U.S. Dist.Ct. Rules, E.D. Mich. LR 83.11(b)(5) states that: "Successive habeas corpus petitions challenging the same conviction or sentence regardless of grounds asserted shall be assigned to the Judge to whom the original petition was assigned or to the Judge who is appointed to fill the vacancy of that Judge." Finally, in the interests of time and judicial economy, petitioner's two habeas applications should be consolidated into one action pursuant to

Fed.R.Civ. P. 42. *See Bernal v. Helman,* 958 F. Supp. 349, 351-52 (N.D. Ill. 1997). Accordingly, the Court will re-assign Case # 2:09-CV-12512 to Case # 2:07-CV-10782. The Court will further order that Case # 2:07-CV-10782 be reactivated to the Court's active docket. *See Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998);

The Court will also order that the caption in Case # 2:07-CV-10782 be amended to reflect that the proper respondent in this case is now Carol Howes, the warden of Lakeland Correctional Facility in Coldwater, Michigan, where petitioner is currently incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254*.*

Finally, the Court will dismiss Case # 2:09-CV-12512, because it is duplicative of Case # 2:07-CV-10782.  A suit is duplicative, and thus subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999)(internal citations omitted).

Accordingly, the Court **ORDERS** the Clerk of the Court to close Case # 2:09-CV-12512 and re-assign the case as a companion case to *Barnes v. Lafler,* U.S.D.C. No. 2:07-CV-10782.

**IT IS FURTHER ORDERED** that Case # 2:07-CV-10782 is reinstated to the Court's active docket.

**IT IS FURTHER ORDERED THAT** that the caption of Case # 2:07-CV-10782 is amended to reflect that the respondent is now Carol Howes.

**IT IS FURTHER ORDERED** that the Clerk of Court shall re-file in Case Docket #

2:07-10782 the docket entries from Case Docket # 2:09-12512.

                                s/Gerald E. Rosen
                                **HON. GERALD E. ROSEN**
                                CHIEF UNITED STATES DISTRICT JUDGE

DATED: September 30, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2009, by electronic and/or ordinary mail.

                                s/Ruth A. Brissaud
                                Case Manager
                                (313) 234-5137